UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KAMERON MITCHELL-JONES,

    Plaintiff

-VS-

                          CASE NO.:

NAVIENT SOLUTIONS, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act).

2. Navient Solutions, LLC (hereinafter "Defendant"), has been reporting false information regarding the Plaintiff's creditworthiness to Credit Reporting Agencies in violation of the Fair Credit Reporting Act.

### JURISDICTION

3. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. 1367.

4. The Plaintiff is a natural person and resident of Leon County, Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Defendant is a corporation incorporated in the State of Delaware, authorized to conduct business in the State of Florida through its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

**FACTUAL ALLEGATIONS**

6.      On or about July 22, 2004, Plaintiff applied for a student loan in the amount of $8,500.00 for the 2004-2005 academic year for Florida A&M University in Tallahassee, Florida.

7.      Plaintiff had Harris Nicholson, Plaintiff's step-father, sign as co-signer on the student loan application.

8.      Plaintiff was approved and Defendant opened the account ending in 2189 on or about August 4, 2004.

9.      Plaintiff made his final payment for account 2189 on June 1, 2014.  The account has since been marked as "paid and closed."

10.     On or about August 26, 2005, Plaintiff applied for a second student loan in the amount of $4,100.00 for the 2004-2005 academic year for Florida A&M University.

11.     Plaintiff again had Harris Nicholson sign as co-signer on the student loan.

12.     Plaintiff was approved for the second loan and Defendant, then reporting as Sallie Mae, opened the account ending in 2197 on or about September 12, 2005.

13.     Plaintiff made his final payment for account 2197 on July 1, 2015.  The account has since been marked as "paid and closed."

14.     On or about August 1, 2006, Plaintiff applied for a third student loan in the amount of $8,000.00 for the 2006-2007 academic year for Florida A&M University.

15.     Plaintiff had Pamela Nicholson, Plaintiff's mother, sign as co-signer on the student loan.

16.     Plaintiff was advised by Defendant that he had been approved for the student loan and that the funds had been disbursed.  At that time, Defendant allegedly opened an account ending in 2171 ("the account").

17. However, when Plaintiff attempted to retrieve the funds from Florida A&M University, the university advised Plaintiff there were no funds available and they had no record of the account ending in 2171.

18. Plaintiff has contacted Defendant on numerous occasions for proof of disbursement of the 2006 loan associated with account ending in 2171; however, to date, has yet to receive proof that any loan was issued.

19. In April of 2019, Plaintiff mailed out certified letters to three credit reporting agencies, TransUnion, LLC (hereinafter "TransUnion"), Equifax, Inc. (hereinafter "Equifax"), and Experian Information Solutions, Inc. (hereinafter "Experian"), disputing the account.

20. On April 30, 2019, TransUnion responded to Plaintiff's dispute and verified the account.

21. On April 23, 2019, Equifax responded to Plaintiff's dispute and verified the account.

22. On May 10, 2019, Experian responded to Plaintiff's dispute and verified the account.

23. Under information and belief, Defendant has failed to conduct a reasonable investigation and re-investigation of the accuracy of the information it is reporting regarding Plaintiff's account.

24. Upon information and belief, TransUnion, Equifax and Experian (hereinafter collectively "CRAs") are "consumer reporting agencies" as defined in 15 USC § 1681(f). Upon information and belief, each of the aforementioned CRAs are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC § 1681(d) to third parties.

25. Plaintiff has disputed the inaccuracies being furnished by Defendant to each of the aforementioned CRAs; however each of the aforementioned CRAs has determined upon further investigation that the information furnished by Defendant is accurate and have therefore declined to remove the inaccurate information furnished by the Defendant from Plaintiff's credit reports.

26. To date, the aforementioned CRAs have failed to report the proper information on Plaintiff's credit report(s) despite having been given ample notice of its/their error.

27. To date, Defendant has failed to advise the aforementioned CRAs of its errors regarding Plaintiff's account status.

28. As a result of Defendant furnishing inaccurate information regarding Plaintiff's account, Plaintiff was unable to lease a vehicle without having his girlfriend co-sign the lease.

29. Plaintiff has also been denied credit cards or has had to accept higher interest rates.

30. Most damaging, Plaintiff has been unable to secure financing to purchase a new home. Plaintiff is currently facing a larger down payment due to the Defendant furnishing inaccurate information regarding the account.

31. Plaintiff has suffered additional damages including but not limited to stress, waste of his personal time, embarrassment, distress, aggravation, anger, worry, fear, and frustration as a result of the Defendant's behavior.

## CAUSES OF ACTION

### COUNT I
### (Violations of the Fair Credit Reporting Act)

32. The Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) as if fully set out herein.

33. Defendant furnished inaccurate representations to CRA's, including TransUnion, Equifax and Experian, and through TransUnion, Equifax and Experian to all of Plaintiff's potential lenders on multiple occasions.

34. Defendant violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Defendant's representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other

credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate representations to the consumer reporting agencies.

35. Defendant violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to TransUnion, Equifax and Experian after it had been notified that the information was inaccurate.

36. Defendant violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to TransUnion, Equifax and Experian that it knew was inaccurate.

37. Defendant did not have any reasonable basis to believe that the Plaintiff was responsible for the debt reported in its representation. It also had substantial evidence by which to have verified that the Plaintiff was not the responsible party. Defendant knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if Defendant would attempt to plead ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party.

38. Under information and belief, Defendant has been subject to multiple legal actions by similarly situated consumers who have been pursued to pay on an account to which the consumer had no responsibility.

39. As a result of this conduct, action and inaction of Defendant, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

40. The defamation, conduct and actions of Defendant were willful, deliberate, intentional, and/or with reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against Defendant in an amount to be determined by the Court.

41. Defendant's conduct, action, and inaction as willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC 1681o.

42. The Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Defendant to Plaintiff; award Plaintiff his attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
fkerney@forthepeople.com
snazario@forthepeople.com
mmartinez@forthepeople.com
*Counsel for Plaintiff*